IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 05-22827-CIV-MOORE/GARBER

INSTITUTO DE PREVISION MILITAR,

    Plaintiff,

vs.

LEHMAN BROTHERS, INC.,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER; DISMISSING CASE WITH PREJUDICE

THIS CAUSE came before the Court upon the Plaintiff's Motion for Entry of Order Dismissing Amended Complaint with Prejudice or, Alternatively, for Reconsideration (DE # 73).

UPON CONSIDERATION of the Motion and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Background

Plaintiff Instituto de Prevision Militar ("Plaintiff" or "IPM") is a quasi-governmental agency of the Republic of Guatemala that, inter alia, manages the pension funds for members of the Guatemalan Armed Forces. Ancillary Compl., ¶ 2. Beginning in July 2001, non-party Pension Fund of America ("PFA") solicited the board of directors of IPM to open a "retirement trust account" with Lehman Brothers using the pension funds. Id. ¶ 11. The principals of PFA were young and inexperienced, and their services were allegedly marketed to IPM acting as agents of Lehman Brothers. Id. ¶ 12. IPM invested $28,650,858.85 with Lehman Brothers. Id. ¶ 14. Lehman Brothers invested IPM's money with PFA, which was carrying out an embezzlement and money laundering scheme. Id. ¶¶ 11–18.

On November 26, 2002, IPM filed a lawsuit in Florida state court against PFA, alleging twelve claims for relief.[1] The Miami-Dade Circuit Court issued an ex parte temporary injunction against PFA, but it did not take effect because IPM could not post the requisite $5,000,000.00 bond. As a result of the Florida state court action, IPM subpoenaed several financial institutions holding PFA funds, including Lehman Brothers. Id. ¶ 59. Based on the lawsuit, past dealings, and other information, IPM wanted to liquidate its account; Cornide instructed Lehman Brothers to do so. Id. ¶ 60. On February 10, 2003, Circuit Judge Maxine Cohen Lando granted a motion by IPM to compel Lehman Brothers to liquidate all of IPM's funds and transfer them to a trust account at Shutts & Bowen, LLP. Id. ¶ 62. Due to IPM's inability to recover all of its fund monies, and upon learning of the Securities and Exchange Commission's action against PFA, Cornide, and De La Riva, IPM filed this lawsuit. See id. ¶¶ 63–69, 71.

IPM is also a plaintiff in the related class action Cordova, et al. v. Lehman Brothers, Inc., 05-CIV-21169-MOORE/GARBER (S.D. Fla.) and the related action Instituto de Prevision Militar v. Merrill Lynch, 05-CIV-22721-MOORE/GARBER (S.D. Fla.). On February 10, 2006, this Court issued a Consolidation Order (DE # 31) in this case consolidating these three related cases for the purposes of discovery.

In each of these three related actions, this Court has held that the Securities Litigation Uniform Standards Act ("SLUSA") preempts all state law based claims in each complaint. (e.g., DE # 60). IPM filed an Amended Complaint (DE #72) including similar state law claims. IPM

---

[1] The claims were: (1) Conversion; (2) Unjust Enrichment; (3) Temporary Injunction; (4) Constructive Trust; (5) Breach of Contract; (6) Fraud; (7) Breach of Fiduciary Duty; (8) Fraud in the Inducement; (9) Civil Conspiracy; (10) Violation of Fla. Stat. § 517.12; (11) Violation of Fla. Stat. § 517.301; (12) Accounting.

brought the instant Motion for Reconsideration (DE # 73). IPM raises no new arguments in support of reconsideration.

## II. ANALYSIS

The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted).

In this most recent Motion for Reconsideration, the Plaintiff raises no new issues to warrant reconsideration. Therefore, reconsideration is not warranted. The Court notes that Plaintiff's Amended Complaint does not comply with this Court's Orders (most recently DE # 67) indicating that state law claims are preempted by SLUSA. The Court has given Plaintiff a couple of opportunities to amend its complaint to comply with the Court's Orders, but Plaintiff again fails to comply. The Court finds that dismissal of the Amended Complaint with Prejudice is now warranted.

## IV. Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Order Dismissing

Amended Complaint with Prejudice or, Alternatively, for Reconsideration (DE # 73) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Amended Complaint (DE # 72) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
    Magistrate Judge Garber